**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jerome Lee Pringle,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-14-00811-PHX-PGR (JZB)<br><br>ORDER |

Having considered *de novo* the Report and Recommendation of Magistrate Judge Boyle in light of the petitioner's Objections to the Court[']s Report and Recommendation (Doc. 33) and the respondents' Response to Petitioner's Objections to Report and Recommendation (Doc. 34), the Court finds that the petitioner's objections should be overruled as meritless because the Magistrate Judge correctly determined that the petitioner's habeas corpus petition, timely filed pursuant to 28 U.S.C. § 2254, should be denied in its entirety.

The petitioner pleaded guilty to charges of First Degree Murder and Theft of Means of Transportation in exchange for the state's agreement to withdraw its intent to seek the death penalty and to dismiss the allegation of historical prior convictions, and the promise that the trial court could choose between a natural-life sentence and

1  one that included the possibility of parole after 25 years of imprisonment. By
2  accepting the plea agreement, the petitioner agreed to waive all motions, defenses,
3  objections or requests which he had raised or could later assert to the entry of
4  judgment against him and the imposition of sentence on him consistent with the plea
5  agreement. The trial court sentenced the petitioner to a term of natural life for the
6  first degree murder charge and to a concurrent term of eight years on the theft
7  charge. In his federal habeas petition, wherein he raises three grounds for relief, the
8  petitioner seeks to have his sentence for first degree murder vacated and to have
9  the trial court re-sentence him for second degree murder.

10  The Court agrees with the Magistrate Judge that the petitioner's first claim,
11  which alleges several instances of ineffective assistance of counsel by his trial
12  attorney regarding the petitioner's decision to plead guilty, has no legal merit. The
13  decision rejecting the IAC allegations by the Arizona Court of Appeals, the state
14  courts' last reasoned decision, was not contrary to, or an unreasonable application
15  of, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and <u>Hill v. Lockhart</u>, 474 U.S. 52
16  (1985).

17  The Court also agrees with the Magistrate Judge that the petitioner's second
18  claim, which alleges that his confession was improperly obtained during a tainted
19  police interview prior to his change of plea, is legally meritless. The Arizona Court
20  of Appeals' rejection of this claim on the ground that the petitioner had waived it as
21  a matter of law by pleading guilty was not contrary to, or an unreasonable application
22  of, clearly established federal law.

23  The Court further agrees with the Magistrate Judge that the petitioner's third
24  claim, which alleges that there was insufficient evidence of premeditation to support
25  a first degree murder charge, is also meritless. The Arizona Court of Appeals'
26

1 rejection of this claim on the ground that the petitioner's admission of premeditation during his change of plea hearing was sufficient to support the first degree murder charge was not contrary to, or an unreasonable application of, clearly established federal law.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 32) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a certificate of appealability shall not issue and that the petitioner is not entitled to appeal *in forma pauperis* because the petitioner has not made a substantial showing of the denial of a constitutional right and has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 28th day of October, 2015.

Paul G. Rosenblatt
United States District Judge